N. B. KERSH v. Mary KERSH

6227                                           497 S.W. 2d 72

Opinion delivered July 16, 1973

*Wendell O. Epperson,* for appellant.

*J. Winston Bryant,* for appellee.

J. Fred Jones, Justice. This is an appeal by N. B. Kersh from a chancery court decree denying his petition to modify a divorce decree in regard to alimony.

The facts appear as follows: Dr. Kersh and his wife, Mary, were married in 1945 and separated on or about January 20, 1969. They had one child who was of full age and married at the time of the separation. Following their separation, and in contemplation of divorce, Dr. and Mrs. Kersh entered into a written property settlement agreement

on January 28, 1969, under which they made a complete division of their real and personal properties. On January 29, 1969, Mrs. Kersh filed her petition for divorce alleging general indignities as grounds therefor. Dr. Kersh executed an entry of appearance and waiver on February 14, 1969, and it was filed on March 4. The evidence on behalf of Mrs. Kersh consisted of her testimony and that of her supporting witness, Katherine Jones, taken by deposition. A divorce was granted to Mrs. Kersh by decree filed on March 4, 1969, and Dr. Kersh subsequently remarried.

The property settlement agreement consists of five pages in the transcript and under item seven on the second page an agreement pertaining to alimony appears as follows:

"HUSBAND agrees to pay to WIFE alimony in the sum of Four Hundred Dollars ($400.00) a month, with the first such alimony payment being due on March 1st, 1969, and a like payment in the amount of $400.00 to be due on the First day of each succeeding month thereafter until such time as the death or remarriage of said WIFE. Further, in connection with this alimony to be paid to WIFE by HUSBAND, said HUSBAND agrees that he will not claim WIFE as a dependent for income tax purposes."

No alimony is mentioned in the divorce decree but the decree does recite as follows:

". . . the Court doth find: * * *.That the parties hereto have previously entered into a property settlement agreement which settles and disposes of all their property rights, and this property settlement agreement is incorporated herein by reference and made a part hereof as fully as though set out herein word for word."

On August 13, 1971, Mrs. Kersh filed a "Petition for Citation" alleging that on January 28, 1969, she and Dr. Kersh entered into a property settlement agreement whereby he agreed to pay her alimony at $400 per month; that the property settlement agreement was made a part of the

decree, and that the defendant had failed and refused to make the payments as agreed. She prayed that Dr. Kersh be cited to show cause why he should not be held in contempt for refusal to comply with the order of the court.

Dr. Kersh then filed a "Petition to Modify Decree" in which he alleged and set out the property settlement agreement and alleged that there had been such change in circumstances as would warrant the reduction in the amount of alimony and support payments to the plaintiff by $200 per month. He prayed that the amount of alimony be reduced to $200 per month.

Mrs. Kersh filed a demurrer to the petition for modification challenging the chancery court's jurisdiction to modify the alimony provision of the property settlement agreement. Following a hearing on the petitions and demurrer, the court denied same under findings stated as follows:

"1. That the 'Property Settlement Agreement' and the alimony payments contained therein on the part of the Plaintiff and Defendant were agreed to, between the parties, prior to the entry of the Decree, that said 'Property Settlement Agreement' is a binding contract between the parties and cannot be modified by this Court.

2. The Court further finds that the evidence submitted by the Defendant, N. B. Kersh, is insufficient to justify the change in alimony payments as contained in the 'Property Settlement Agreement,' assuming the Court had jurisdiction to effectuate such a change."

On the record now before us, we are unable to say that the chancellor erred in finding that the property settlement agreement, including the alimony provision, was a binding contract between the parties and could not be modified by the court because of lack in jurisdiction of the subject matter.

It is clear from the record before us, that in contemplation of divorce, Dr. and Mrs. Kersh gave considerable attention to their property settlement agreement,

which included Dr. Kersh's agreement to pay to Mrs. Kersh $400 per month for the remainder of her life or until she remarried. It is apparent from the record that the agreement was ·carefully drawn by the attorney who presented the petition to the court upon entry of appearance and waiver by Dr. Kersh and the depositions of Mrs. Kersh and her witness. Neither of the parties personally appeared before the chancellor and apparently both parties were satisfied with the agreement they had made. Both Dr. and Mrs. Kersh were present in the attorney's office when the property settlement agreement was dictated and signed by them and both of their signatures were witnessed by the attorney who prepared the instrument. Dr. Kersh did not agree in this instrument that he would be agreeable to the chancellor awarding $400 per month in alimony in the event a divorce was granted to Mrs. Kersh. He *agreed to pay* $400 per month over a specific period of time and further agreed in the same connection that he would not claim Mrs. Kersh as a dependent for income tax purposes.

We are of the opinion that Dr. and Mrs. Kersh entered into such independent contract for the payment of alimony as was discussed in *Lively* v. *Lively,* 222 Ark. 501, 261 S.W. 2d 409, wherein we said:

"Appellant first contends the chancellor was without authority to modify the decree because it was based on the prior agreement of the parties. Our cases hold that where a decree for alimony or support is based on an independent contract between parties which is incorporated in the decree and approved by the court as an independent contract, it does not merge into the court's award and is not subject to modification except by consent of the parties. *Pryor* v. *Pryor,* 88 Ark. 302, 114 S.W. 700, 129 Am. St. Rep. 102; *McCue* v. *McCue,* 210 Ark. 826, 197 S.W. 2d 938; *Bachus* v. *Bachus,* 216 Ark. 802, 227 S.W. 2d 439. Although a court of equity may decline to enforce payments due under an independent agreement by contempt proceedings where changed circumstances render such payments inequitable, the wife retains her remedy at law on the contract. *Pryor* v. *Pryor, supra.*

There is a second type of agreement in which the parties merely agree upon the amount the court should fix by its decree as alimony or support, without intending to confer on the wife an independent cause of action. This type of agreement becomes merged in the decree and loses its contractual nature so that the court may modify the decree. *Holmes v. Holmes,* 186 Ark. 251, 53 S.W. 2d 226; *Wilson v. Wilson,* 186 Ark. 415, 53 S.W. 2d 990; *Seaton v. Seaton,* 221 Ark. 778, 255 S.W. 2d 954."

See *Law v. Law,* 248 Ark. 894, 455 S.W. 2d 854, and *Powell v. Pearson,* 251 Ark. 1107, 476 S.W. 2d 802. See also *Armstrong v. Armstrong,* 248 Ark. 835, 454 S.W. 2d 660 where we quoted from *Seaton v. Seaton, supra,* as follows:

" 'Our decisions have recognized two different types of agreement for the payment of alimony. One is an independent contract, usually in writing, by which the husband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree upon 'the amount the court by its decree should fix as alimony.' * * * A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with the proof upon an issue not in dispute, and by its nature it merges in the divorce decree."

As already stated, the divorce decree in the case at bar did not mention alimony but did approve the agreement the parties had entered into. We conclude, therefore,

that the chancellor did not err in holding that the agreement between Dr. and Mrs. Kersh was an independent contract which was not merged in the court decree, and that the chancery court was, therefore, without authority to change the agreement.

The decree is affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. Detailing the testimony relating to changed circumstances would serve no useful purpose. Suffice it to say that, unlike the learned chancellor, I find a clear preponderance to require a modification of alimony, if the court had the power to grant the requested relief.

I am no less confused about the circumstances under which the chancery court may modify a decree under which alimony is paid than I was when *Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W. 2d 660, and *Law* v. *Law*, 248 Ark. 894, 455 S.W. 2d 854, were decided. Once more, I find a situation parallel to that obtaining in *Thomas* v. *Thomas*, 246 Ark. 1126, 443 S.W. 2d 534, where we held that alimony payments were ordered by the court when the language of the decree incorporated a property settlement agreement, and held the decree enforceable through the court's contempt powers. It is anomalous to me that a chancery court would have the jurisdiction and power to so enforce an agreed alimony payment but not to reduce the amount required to be paid when its burden becomes oppressive.

I regret that there has been no legislative action to clarify the confusion previous decisions have produced and to eliminate the judicial hair-splitting in these cases so aptly pointed out by the late Chief Justice Griffin Smith in *McCue* v. *McCue*, 210 Ark. 826, 197 S.W. 2d 938. I think this court would be justified in effecting a remedy by reading Ark. Stat. Ann. § 34-1213 (Repl. 1962) into every such agreement and decree, so that true alimony would be subject to modification in any case. I would do so.