Larry Eugene SONGER *v.* Deborah Dee SONGER

CA 79-180 594 S.W. 2d 33

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Virginia (Ginger) Atkinson,* for appellant.

No brief for appellee.

DAVID NEWBERN, Judge. In this case the issue is whether the alimony portion of a divorce decree is also the subject of an independent contract and thus not subject to modification.

In a modification hearing initiated by a petition filed by the appellant, the chancellor recited the circumstances surrounding the issuance of the decree. The uncontested divorce was taken on deposition. The decree provided alimony, child support and a detailed division of property. When presented to the chancellor, it had been signed by the

parties and their respective attorneys who thereby purported to approve the suggested decree "as to form and substance."

After the hearing on the appellant's petition to modify, the chancellor held the alimony part of the decree was not subject to modification because, in his words, "I had nothing to do with the division of property" and "it was strictly the parties' dealings." Yet in his order, the chancellor relieved the appellant of his obligation under the decree to pay for insurance for the appellee's car and for her gasoline purchases.

To us, it seems highly inconsistent that the chancellor would say the decree was "contractual" and thus not subject to modification with respect to one aspect of support for the appellee but not as to another. More importantly, however, we find no evidence in the record to show the decree should be regarded as an independent contract which would make the decree unmodifiable.

A leading Arkansas case on this question is *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W. 2d 954 (1953). There the court said:

> Our decisions have recognized two different types of agreement for the payment of alimony. One is an independent contract, usually in writing, by which the husband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* case [216 Ark. 802, 227 S.W. 2d 439 (1950)], it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

> The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree upon "the amount the court by its decree should

fix as alimony." *Pryor* v. *Pryor*, 88 Ark. 302, 114 S.W. 700 [1908] . . . construed an agreement of the first type, and *Holmes* v. *Holmes*, 186 Ark. 251, 53 S.W. 2d 226, involving an agreement of the second type. See also 3 Ark. L. Rev. 98. A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with proof upon an issue not in dispute, and by its nature it merges in the divorce decree. In the *Holmes* case we held that the second type of contract does not prevent the court from later modifying its decree. [221 Ark. at 780]

It seems clear in this case the parties were agreeing to the contents of the suggested decree when they signed it and presented it to the chancellor. The decree did not mention any separate agreement, and there is nothing, written or otherwise, showing intent that any agreement be enforceable separately from the decree.

In the *Pryor* case, cited in the excerpt above, our supreme court held the alimony portion of the divorce decree could not be modified where it was a recitation only of a separate contract which was intended by the parties to be enforceable independently of the decree. The court said that under those circumstances modification of the decree would amount to modification of the contract itself. Whether or not we are persuaded by the logic of that statement, we find no need to apply it here. The burden of showing the intent of the parties to have an independently enforceable contract is upon the party asserting it. *Law* v. *Law*, 248 Ark. 894, 455 S.W. 2d 854 (1970). We find nothing in the record on this matter other than the recitation by the chancellor that the matter was "contractual." We can see no basis for finding an independent contract. The mere fact that the parties had agreed on a suggestion to the chancellor of the contents of the decree is not enough.

Reversed and remanded for further determination whether the alimony portion of the decree should be modified.