Ches WILLIAMS and Gaye B. WILLIAMS *v.*
J. W. BLACK LUMBER COMPANY

81-185                          628 S.W. 2d 13

Supreme Court of Arkansas
Opinion delivered February 16, 1982

*Donald A. Forrest,* for appellants.

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker,* for appellee.

STEELE HAYS, Justice. Appellants Ches and Gaye Williams are the owners of Cow Island, a part of Shelby County, Tennessee, but attached to Arkansas. J. W. Black Lumber Company, appellee, brought suit against appellants claiming damages of $14,531.25 for breach of contract to sell four parcels of timber on Cow Island. The complaint alleges the parties contracted in writing on April 17, 1978, for the sale of 640 acres, more or less, for $30,000.00 but only 330 acres of timber were actually marked off for cutting, resulting in a shortage of 310 acres. The circuit judge found the buyer was due 640 acres as stated in the contract, but received only 355 acres. He awarded damages of $11,359.38 for the 285 acre shortage. Appellants argue five points for reversal. We find no error.

I.

Appellants first contend that their motion to dismiss the complaint pursuant to Rule 12 (h) (2) A.R.C.P. for failure to state facts upon which relief could be granted was denied because it was made on the morning of trial and, therefore, untimely. They contend that the rule permits the motion at any time. But appellants have misconstrued the trial court's ground for denying the motion to dismiss.

Although he did criticize the timing, the motion was denied because he found the suit was for breach of contract and jurisdiction was properly vested in the circuit court (see p. 78 of the record.).

## II.

Appellants argue the complaint fails to state facts upon which relief can be granted at law because it is a suit to reform the contract rather than for its breach. Although the complaint alleges some facts which would support a reformation theory, it is nevertheless sufficient to support an action in breach of contract. A complaint that alleges facts to support a cause of action under more than one theory is not demurrable if a cause of action on at least one theory is stated. 17A C.J.S. Contracts § 533 (1963). This complaint states, first, that appellants agreed to sell all merchantable timber on four parcels of land containing 640 acres, more or less; secondly, that appellants supplied only 330 acres, and, finally, that the damages suffered as a result of the breach were $14,531.25. The complaint need only assert the "existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach." 17A C.J.S. Contracts § 533 (1963). See also *Caldwell* v. *Guardian Trust Co.*, 26 F. 2d 218 (8th Cir. 1928). We find no deficiency in the complaint requiring dismissal under Rule 12 (h) A.R.C.P. and conclude the trial court was correct in denying appellants' motion.

## III.

Appellants allege the court erred in allowing evidence which varied the terms of the written contract over their continuing objection. The relevant section of the contract states:

In consideration of Thirty Thousand Dollars ($30,-000.00) . . . Owners hereby sell to Company and Company hereby purchases from Owners all of the merchantable timber growing, standing and lying in

four separate parcels of land comprising portions of "Cow Island," the approximate boundaries of said parcels are shown on the aerial photograph attached hereto and incorporated herein by reference thereto, the exact boundaries of said parcels being located on the ground and established either by painted lines or lines cut by bulldozer, and shown by Company's representative, said four parcels of land containing 640 acres, more or less. . . .

In spite of the provision that the exact boundaries were marked and seen by appellee's representative, appellee was permitted to offer proof that the boundaries were not marked until well after the contract was signed and contained only about half of the 640 acres called for.

There are cases holding that "more or less" after the stated acreage is merely descriptive and does not entitle the buyer to recovery for any deficiency in acreage. But the rule is applicable where the discrepancy is slight or trifling. *Hays v. Hays,* 190 Ark. 751, 81 S.W. 2d 926 (1935); *Carter v. Finch,* 186 Ark. 954, 57 S.W. 2d 409 (1933); *First National Bank of Belleville, Illinois v. Tate,* 178 Ark. 1098, 13 S.W. 2d 587 (1929); *Glover v. Bullard,* 170 Ark. 58, 278 S.W. 645 (1926); *Harrell v. Hill,* 19 Ark. 108, 68 Am. Dec. 202 (1857). Where the stated acreage goes to the essence of the contract and is not merely a matter of description, the purchasers, in case of deficiency, are entitled to a reduction in price. *Glover, supra.* The appellee presented evidence of a survey of the property prepared after all the boundaries were marked. This survey revealed the total acreage of the four parcels to be 330 acres, 310 less than stated in the contract. The trial court subtracted another 25 acres to adjust for an 8% margin of error in the method of computation and fixed the deficiency at 285 acres. Where a discrepancy of this magnitude exists, representing an error of almost 50 per cent, the words "more or less" should not prevent recovery for the deficiency. We find no cases that take issue with that view.

Appellants insist any parol evidence which disputes the total acreage as being 640 acres or that the boundaries were not marked is inadmissible. We disagree. Parol evidence,

though not admissible to vary contractual terms to be performed, is admissible to show what the parties to the contract intended. In *Ward* v. *McIlroy,* 172 Ark. 704 at 709, 290 S.W. 2d 46 (1927), we said that parol evidence to vary the terms of a written contract is not admissible, but is admissible to enable the court to say what the parties intended to express by the language adopted. It is a rule of construction.

Here it is uncertain whether the consideration the appellee bargained for is "640 acres, more or less" or the four parcels as marked. And while there may have been no ambiguity on the face of the contract, there was a material disparity (according to the findings of the trial court) between the actual acreage marked and the stated acreage. That being so the court properly permitted evidence to expose a latent ambiguity. *University City Mo.* v. *Home Fire & Marine Ins. Co.,* 114 F. 2d 288 (8th Cir. 1940); *Queen Ins. Co. of America* v. *Meyer Milling,* 43 F. 2d 885 (8th Cir. 1930). In *University City,* at 295, 296, the court stated:

> Ambiguities in written instruments are of two kinds. They are either patent or latent. A patent ambiguity is one arising upon the face of the instrument without reference to the described object while a latent ambiguity is one developed by extrinsic evidence, where the particular words, in themselves clear, apply equally well to two different objects. A latent ambiguity may be one in which the description of the property is clear upon the face of the instrument, but it turns out that there is more than one estate to which the description applies; or it may be one where the property is imperfectly or in some respects erroneously described, so as not to refer with precision to any particular object. If such an ambiguity develops, extrinsic evidence is admissible to show the real intent of the parties. (Citations omitted.)

The evidence appellants dispute was admissible under yet another theory. It is always permissible to show by oral testimony that the consideration recited in the contract is not the consideration actually agreed on between the parties. *Newberry* v. *Newberry,* 218 Ark. 548, 237 S.W. 2d 447 (1951);

*Sewell* v. *Harkey,* 206 Ark. 24, 174 S.W. 2d 113 (1943); *Hockaday* v. *Warmack,* 121 Ark. 518, 182 S.W. 2d 263 (1916).

## IV.

Appellants' fourth argument is that the court erred in using an erroneous measure of damages. The trial court found the acreage the appellee received to be 285 acres less than stated in the contract. The contract provided for a lump sum of $30,000.00 for the timber rights on "640 acres, more or less" but did not specify a price per acre. The trial court divided the contract price by the total acreage to arrive at a price per acre of $46.87. The damages were then fixed by multiplying 285 times $46.87 to arrive at $13,359.77.[1]

J. W. Black, an experienced timber dealer, testified that the value of the timber was approximately $50.00 per acre. There was no evidence to dispute this figure. The inference from his testimony is that if the acreage had been set at a lesser figure in the contract, his offer would have been reduced by $50.00 per acre of reduction.

Timber contracts are contracts for the sale of goods and governed by the Uniform Commercial Code. Ark. Stat. Ann. § 85-2-107 (2) (Supp. 1963). The buyer's measure of damage where there is any non-conformity of tender[2] is defined in Ark. Stat. Ann. § 85-2-714 (Repl. 1961). Subsection 1 of § 85-2-714 allows the damages to be "determined in any manner which is reasonable." In light of the testimony that the timber was worth approximately $50.00 per acre, we believe the method used by the trial court in fixing damages by reducing the price of $30,000.00 by the amount of the shortage on a ratio of $46.87 per acre was not unreasonable.

---

[1] This figure was reduced to $11,359.77 for an unrelated off-set.

[2] The commentary to Ark. Stat. Ann. § 85-2-714 provides:

2. The "non-conformity" referred to in subsection (1) includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract. In the case of such non-conformity, the buyer is permitted to recover for his loss "in any manner which is reasonable."

Appellants rely on *Eagle Properties Inc.* v. *West & Co. of Louisiana,* 242 Ark. 184, 412 S.W. 2d 605 (1967), and *Harmon* v. *Frye,* 103 Ark. 584, 148 S.W. 2d 269 (1912), for the proposition that damages cannot be allowed where they are speculative or based on conjecture. But those facts are dissimilar; both cases involved the loss of use of commercial property and the damages claimed were found to be too speculative. No similar speculation is present here. "It is not a sufficient reason for disallowing damages claimed that a party can state their amount only proximately; it is enough if from the proximate estimates of witnesses a satisfactory conclusion can be reached." 25 C.J.S. Damages § 26 (1966). The amount fixed by the trial court was based on evidence of specific damage and was not unfair to appellants.

### V.

Finally, appellants urge that the court's findings of fact are not supported by the record. Appellants' abstract is insufficient to enable us to address the argument on this point. Where we are unable to evaluate the merit of the argument we affirm the trial court. See Rule 9 (e) (2), Rules of the Supreme Court.

The judgment is affirmed.