Katherine KENNEDY *v.* Kern KENNEDY

CA 95-270                                    918 S.W.2d 197

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1996

*Joseph H. O'Bryan*, for appellant.

*Todd C. Sears*, for appellee.

JOHN B. ROBBINS, Judge. Appellant, Katherine Kennedy, appeals an order of the Lonoke County Chancery Court that amended the parties' 1983 divorce decree. She contends that the chancellor erred in holding that the parties' property settlement agreement was subject to modification and in modifying the award of alimony. We agree that the chancellor was without authority to modify the property settlement agreement and therefore reverse and remand.

On December 15, 1983, a decree of divorce was entered by the Lonoke County Chancery Court, awarding appellant a divorce from appellee. The decree also approved and incorporated the parties' written property settlement agreement that provided in part:

> 3. Husband agrees to pay to the Wife unless she should remarry the sum of $250.00 on the first and fifteenth of each and every month as support for the Wife. . . .
>
> . . . .
>
> 6. It is agreed that the Wife shall be entitled to one-half (½) of the retirement benefits of the husband through his railroad retirement as if the parties were still married.

The property settlement agreement bears the notarized signatures of both parties, and no other disposition of the parties' property or rights were included in the decree except those that appear in the property settlement agreement. Appellee paid appellant $500.00 monthly alimony pursuant to this agreement and continued to do so until June 15, 1994, when appellee sent appellant a $250.00 payment, marking it "final payment." Included with his payment was a note that stated his obligation to pay appellant support had ended because she was now able to draw from his railroad retirement.

Appellant petitioned the chancery court for declaratory relief, requesting that the court construe and interpret the terms of the parties' 1983 decree and to take such action as necessary to enforce those terms. Appellee responded that it was the parties' intention when they executed the property settlement agreement that alimony would cease when appellant became eligible to receive one-half of appellee's retirement benefits. He further argued that it would be unconscionable to award appellant one-half of his retire-

ment benefits in addition to alimony and that the property settlement agreement is not an independent contract and is therefore subject to modification by the court.

After a hearing on appellant's petition, the chancellor entered his order, holding that he had the power to modify and reform the previous agreement of the parties. The chancellor found that the parties did not intend for appellant to continue to receive $500.00 monthly alimony after she became eligible to draw on appellee's railroad retirement benefits. The chancellor modified the agreement to reduce appellant's alimony award to $72.33 per month, which represents the difference between the retirement benefits that she was eligible to receive and the $500.00 per month spousal support that she had been receiving.

■■ We agree with appellant that the chancery court did not have authority to modify her alimony payments. The alimony provision is part of the parties' written property settlement agreement, which is an independent contract between the parties. Where a decree of alimony is based on an independent contract between the parties which is incorporated in the decree and approved by the court as an independent contract, it does not merge into the court's award and is not subject to modification except by consent of the parties. *Kersh v. Kersh*, 254 Ark. 969, 973, 497 S.W.2d 72 (1973). Decisions of this court and the supreme court have recognized two different types of agreements for the payment of alimony:

> One is an independent contract, usually in writing, by which the husband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bacchus* [*Bacchus v. Bacchus*, 216 Ark. 802, 227 S.W.2d 439 (1950)] case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

> The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agree

upon "the amount the court by its decree should fix as alimony." *Pryor* v. *Pryor*, 88 Ark. 302, 114 S.W. 700, 129 Am. St. Rep. 102, which construed an agreement of the first type, and *Holmes* v. *Holmes*, 186 Ark. 251, 53 S.W.2d 226, involving an agreement of the second type. See also 3 Ark. L. Rev. 98. A contract of the latter character is usually less formal than an independent property settlement; it may be intended merely as a means of dispensing with proof upon an issue not in dispute, and by its nature it merges in the divorce decree. In the *Holmes* case we held that the second type of contract does not prevent the court from later modifying its decree.

*Seaton* v. *Seaton*, 221 Ark. 778, 780, 255 S.W.2d 954, 956 (1953). *See also Armstrong* v. *Armstrong*, 248 Ark. 835, 838, 454 S.W.2d 660, 662 (1970); *McGaugh* v. *McGaugh*, 19 Ark. App. 348, 350-51, 721 S.W.2d 677, 679 (1986).

█ The burden was on appellant to show that the parties intended to have an independently enforceable contract for support. *See Songer* v. *Songer*, 267 Ark. 1075, 1077, 594 S.W.2d 33, 35 (Ark. App. 1980). Although there was no testimony presented by the parties at the hearing in regard to their intent when they executed the property settlement agreement, we find that the wording of the agreement and the actions of the parties at the time of the divorce clearly show that the parties intended to have an independent contract.

The parties' agreement was in writing and contained eleven separate provisions that covered the division of their property, including appellee's agreement to pay appellant alimony. There is no other provision in the decree that discusses the parties' property rights or makes a provision for alimony except what is mentioned in the property settlement agreement. Furthermore, the property set-tlement agreement specifically provides:

8. It is the purpose of the parties to this agreement that it fully and finally settle, resolve and terminate any and all claims, demands and rights of whatever kind or nature between the parties.

9. Either party hereto may petition the Court in the aforesaid suit for divorce to incorporate this agreement into any decree which may be entered therein and to give this

instrument the full force and effect of a decree of the Court.

The agreement was signed by the parties after they had an opportunity to make any corrections to the agreement, which in fact they did. It stands to reason that appellee would not have signed a waiver of his appearance at the divorce hearing if he had believed that the parties' rights had not been settled at the time he signed the property settlement agreement.

■ Appellee relies on the supreme court's holding in *Shipley v. Shipley*, 305 Ark. 257, 807 S.W.2d 915 (1991), for his proposition that, because the language in the property settlement agreement did not specifically state that the parties intended it to be an independent contract, the chancellor's finding that the agreement was subject to modification is correct. In *Shipley*, however, there was not a separate property settlement agreement executed by the parties but a stipulation that was dictated into the record during the course of the hearing. In discussing this distinction, the court stated:

> The independent property settlement will usually be in the form of a separate written agreement, *Seaton v. Seaton, supra,* but it may be in the form of a complete property settlement which is dictated into the record. *Kunz v. Jarnigan,* 25 Ark. App. 221, 756 S.W.2d 913 (1988). Obviously, if the parties intend for an agreement which is dictated into the record to constitute an independent agreement they should so state.

305 Ark. at 259, 807 S.W.2d at 916.

We also disagree that our decision in *Songer v. Songer*, 267 Ark. 1075, 594 S.W.2d 33 (Ark. App. 1980), controls the outcome of this appeal. That case did not involve a separately executed property settlement agreement, but a *decree* providing for alimony, child support, and a detailed division of property that had been presented to the chancellor for his signature after it had been approved as to form and substance by the parties and their respective attorneys. The chancellor later held that the alimony part of the decree was not subject to modification because he had nothing to do with the division of the property and it was strictly the parties' dealings. Nevertheless, in another part of the order, the chancellor relieved the appellant of his obligation under the decree to pay for insurance for the appellee's car. In reversing the chancellor's determination that the alimony portion of the decree was not subject to modifica-

tion, this court stated:

> To us, it seems highly inconsistent that the chancellor would say the decree was "contractual" and thus not subject to modification with respect to one aspect of support for the appellee but not as to another. More importantly, however, we find no evidence in the record to show the decree should be regarded as an independent contract which would make the decree unmodifiable.
>
> . . . . It seems clear in this case the parties were agreeing to the contents of the suggested decree when they signed it and presented it to the chancellor. The decree did not mention any separate agreement, and there is nothing, written or otherwise, showing intent that any agreement be enforceable separately from the decree.

*Id.* at 1076-77, 594 S.W.2d at 34.

In her petition for declaratory relief, appellant requested the court to construe and interpret the parties' property settlement agreement. The order of the chancellor recites that the intent of the parties was that the alimony would terminate when appellant became eligible to collect appellee's retirement. However, when a contract is unambiguous, its construction is a question of law for the court, *see Moore v. Columbia Mut. Cas. Ins. Co.*, 36 Ark. App. 226, 228, 821 S.W.2d 59, 60 (1991), and the intent of the parties is not relevant. Here, neither provision number three, which addresses alimony, nor number six, which addresses retirement benefits, is ambiguous, nor do they make any reference to the other provision. By a handwritten insertion, the alimony provision of the property settlement agreement was corrected to provide that alimony would terminate upon the remarriage of appellant. No such correction was made in reference to appellant's becoming eligible to collect retirement benefits.

Appellee contends that the chancellor's decision can be affirmed based upon his showing of fraudulent inducement that brought about his execution of the property settlement agreement. There is no evidence, however, to support such a finding. Appellee testified at trial that he received legal advice from Mr. Darrow and that he attended a conference where he, Mr. Darrow, and Mr. Feland (appellant's lawyer) were present before he signed the contract. He also admitted that appellant never did tell him that she

thought that the alimony was going to cease after she started getting her share of retirement.

■ We also find no merit to appellee's contention that the award of alimony beyond his retirement age violates federal law. The federal act upon which appellee relies for his argument prohibits a court from awarding a spouse a community interest in certain federal retirement benefits. Appellee argues that, if he is required to pay alimony beyond retirement age, he will have to make those payments from his Tier I benefits, which are not divisible under federal law. Appellee, however, has not cited any law that restricts him from paying alimony from retirement benefits that he might receive. The fact that appellee now finds that he has entered into an improvident agreement is not grounds for relief. *See Armstrong* v. *Armstrong*, 248 Ark. 835, 838-39, 454 S.W.2d 660, 663 (1970).

■ Accordingly, we reverse and remand this appeal to the chancery court for reinstatement of appellant's alimony and to enter judgment in favor of appellant for the unpaid alimony that has accrued to date.

Reversed and remanded.

JENNINGS, C.J., and GRIFFEN, J., agree.