Mr. John T. Shannon, State Forester State Forestry Commission 3821 West Roosevelt Road Little Rock, Arkansas 72204-6396
Dear Mr. Shannon:
This opinion is being issued in response to your recent question pertaining to revenue classification. More specifically, you have presented the following question:
 How should the Forestry Commission classify receipts from seedling sales, timber sales, and rents, in order to be in compliance with the Arkansas Revenue Classification Law?
RESPONSE
It is my opinion that the proper classification of such receipts can vary depending upon the property from which the receipt was obtained, the type of transaction in which the receipt was obtained, or the circumstances under which the receipt was obtained. This conclusion is based upon the provisions of the Arkansas Revenue Classification Law, as well as upon other applicable provisions of Arkansas law. Accordingly, I will describe the various possible scenarios and the proper classifications thereunder.
Rents
Receipts obtained from the rental of state property are to be classified as special revenues.
The Arkansas Revenue Classification Law (A.C.A. § 19-6-101 et seq.) states:
 Proceeds from rental of any real or personal property owned by the State of Arkansas are to be classified as special revenues belonging to the fund or fund account from which the state agency to which the property belongs receives its support unless otherwise specified by law.
A.C.A. § 19-6-109(b).
We have identified no law that specifies a classification of rental proceeds other than as special revenues. Accordingly, I conclude that such proceeds are to be classified as special revenues.
Pines Grown on State Highway Right-of-Ways
Proceeds from the sale of pines grown on state highway right-of-ways or other highway-related areas pursuant to A.C.A. § 22-5-101 are to be classified as special revenues. A.C.A. § 19-6-301(26); A.C.A. §22-5-101.
If any of the timber or seedlings about which you have inquired are pines contemplated by A.C.A. § 22-5-101, the proceeds from their sales must be classified as special revenues.
Property Sold or Disposed of Through
the Marketing and Redistribution Section of DFA
Receipts obtained from property that is sold or disposed of through the Marketing and Redistribution Section of the Department of Finance and Administration are to be classified as nonrevenue receipts. A.C.A. §25-8-106(e)(3).
The provisions of A.C.A. § 25-8-106 authorize state agencies to utilize the services of the Marketing and Redistribution Section in selling or otherwise disposing of certain surplus state personal property.[1] Such property is to be deposited into the Property Sale Holding Fund. A.C.A. §19-5-1010.
I therefore conclude that if any of the seedlings or timber about which you have inquired are sold or disposed of through the Marketing and Redistribution Section of the Department of Finance and Administration, the proceeds from such disposal are to be classified as nonrevenue receipts.
Timber Proceeds and Rentals Obtained From Trespassers
Monies recovered by the state from trespassers, under the authority of A.C.A. § 22-5-602 and -603, for the value of timber severed from state lands or for the rental value of state land are to be classified as special revenues. A.C.A. § 19-6-301(96).
Therefore, if any of the timber or seedling "sales" about which you have inquired or if any of the "rentals" about which you have inquired constitute transactions with trespassers under the provisions of A.C.A. § 22-5-602 or -603, the proceeds therefrom must be classified as special revenues.
Other Timber and Seedling Sales
It is my opinion that the proceeds of all sales of timber or seedlings not described in the foregoing paragraphs must be classified as general revenues.
The Arkansas General Accounting and Budgetary Procedures Law (A.C.A. §19-4-101 et seq.), which governs state accounting procedures, provides that a "General Fund" is to be used "to account for all financial resources except those required to be accounted for in another fund." A.C.A. § 19-4-508. Because all sales of timber and seedlings that do not fall within any of the categories described in the foregoing paragraphs are not "required to be accounted for in another fund," I must conclude that the proceeds from such sales must be placed in the "General Fund." It therefore follows that such proceeds should be classified as general revenues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Timber is classified as personal property under the Uniform Commercial Code. See A.C.A. § 4-2-107; Williams v. Black Lumber Co.,275 Ark. 144, 628 S.W.2d 13 (1982).