## Virginia H. OLIVER v. Thomas E. OLIVER

CA 99-862                                            19 S.W.3d 630

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 21, 2000
[Petition for rehearing denied July 26, 2000.* ]

---

* ROBBINS, C.J., and ROAF, J., would grant.

*Linda D. Shepherd, P.A.*, by: *Linda D. Shepherd* and *Allison R. Wooten*, for appellant.

*Mitchell, Blackstock, Wagoner & Ivers*, by: *Jack Wagoner III*, for appellee.

K MAX KOONCE, II Judge. This is an appeal from the chancery court's order refusing to require appellee to pay appellant any portion of the pass-through dividends or other earnings accrued in appellee's 401K plan subsequent to the divorce decree and prior to the division of the plan by the Qualified Domestic Relations Order. We affirm.

Appellant, Virginia H. Oliver, and appellee, Thomas E. Oliver, were divorced pursuant to a divorce decree entered on July 23, 1997. The divorce decree and property-settlement agreement provided for the division of several retirement and pension plans. Appellee, an employee of Entergy, participated in the Employee Stock Ownership Plan, Employee Stock Investment Plan ("ESIP"), Savings Plan of Entergy Corporation ("401K plan"), and the Entergy Corporation Retirement Plan. Appellant participated in the TIAA-CREF Retirement Plan. The parties agreed to equally divide the value of the plans as of the date of the divorce decree and property-settlement agreement by means of a Qualified Domestic Relations Order ("QDRO").

The QDROs were not filed of record until November 5, 1998, over one year after the divorce decree was entered. During this time, appellee received pass-through dividends from his 401K plan in June, September, and December 1997. Although the prop-

erty-settlement agreement specifically addresses pass-through dividends of the 401K plan received by appellee while the divorce was pending but prior to the entry of the divorce decree, the agreement does not address pass-through dividends received after entry of the decree but prior to the division pursuant to the QDROs. The property-settlement agreement does address stock dividends received from the ESIP after the date of the decree but before the stock was divided.

Appellant paid taxes in 1997, on one-half of the pass-through dividends paid to appellee between the entry of the decree and the division of the 401K plan pursuant to the QDRO. Appellant contends she paid the taxes based on appellee's oral and written acknowledgments of liability to appellant for the dividends. After appellant paid the taxes, appellee informed appellant that she was not entitled to the dividends pursuant to the property-settlement agreement.

On May 28, 1999, appellant filed a motion for contempt requesting, *inter alia*, that the court order appellee to pay her one half of the pass-through dividends or other earnings from the 401K plan prior to the division of the plan pursuant to the QDRO. After a hearing on the motion, the court entered an order refusing to compel appellee to pay appellant any portion of the pass-through dividends or other earnings from the 410K plan pursuant to the provisions of the property-settlement agreement. The court found that the language of the property-settlement agreement was unambiguous and did not require appellee to pay appellant any portion of the pass-through dividends or other earnings from the 401K plan subsequent to the date of the divorce decree but prior to division. This appeal arises from that portion of the court's order.

■ The standards governing our review of a chancery court decision are well established. Although we review chancery cases *de novo* on the record, we do not reverse unless we determine that the chancery court's findings were clearly erroneous. *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999). A chancery court's finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Lammey v. Eckel*, 62 Ark. App. 208, 970 S.W.2d 307 (1998). In reviewing a chancery court's findings, we defer to the chancellor's superior position to

determine the credibility of witnesses and the weight to be accorded to their testimony. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). However, we do not defer to a chancery court's conclusion on a question of law. *City of Lowell v. M & N Mobile Home Park,* Inc, 323 Ark. 332, 916 S.W.2d 95 (1996). If the chancery court erroneously applied the law and the appellant suffered prejudice as a result, we will reverse the chancery court's erroneous ruling on the legal issue. *Id.*

In the present case, appellant contends the trial court clearly erred in finding the provision of the property-settlement agreement pertaining to the 401K plan unambiguous and refusing to consider parol evidence as to the parties' intentions with respect to the pass-through dividends. The provision at issue is as follows:

> (19) That Husband stipulates and agrees that during the pendency of this action Husband has received dividend "pass-through" from Husband's 401K plan in the separate amounts of $1,199.75 and $1,202.03. Husband covenants and agrees that upon entry of this decree and property settlement agreement, Husband shall pay to Wife the cash sum of $1,200.89 representing Wife's one-half of the[] dividend "pass-through" received by Husband. Husband covenants and agrees that Husband shall furnish an authorization allowing Wife or her attorney to verify all 401K Plan activity, including but not limited to inquiry concerning loans and/or dividends. This authorization shall expire 30 days from its issuance.

Appellant contends that the above provision is ambiguous and susceptible to more than one interpretation. She argues that this provision is latently ambiguous because the only dividend checks addressed are the ones appellee received between the filing of the divorce action and the date of the decree. However, one provision of the property-settlement agreement does address dividends received after the divorce decree but prior to division of the stock. This provision is as follows:

> (18) That Husband stipulates that during the pendency of this action Husband has received "ESIP" stock dividends in the amount of $90.00. Husband covenants and agrees that upon entry of this decree and property settlement agreement, Husband shall pay to Wife the cash sum of $45.00 representing Wife's one-half of dividends. That until such time as the ESIP stock is divided pursuant to his property settlement agreement, Husband shall

divide equally with Wife any dividends he may receive prior to division of this stock with Wife.

■ When a contract is unambiguous, its construction is a question of law for the court, and the intent of the parties is not relevant. *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W.2d 197 (1996). Where a contract is ambiguous, parol evidence may be introduced to assist the fact finder to determine the intent of parties to a contract. *Minerva Enterprises, Inc. v. Bituminous Casualty Corp.*, 312 Ark. 128, 851 S.W.2d 403 (1993). An ambiguity can be patent or latent. *Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998). A latent ambiguity arises when the contract on its face appears clear and unambiguous, but collateral facts exist that make the contract's meaning uncertain. *Id.* A latent ambiguity may be one in which the description of the property is clear upon the face of the instrument, but it turns out that there is more than one estate to which the description applies; or it may be one where the property is imperfectly or in some respects erroneously described, so as not to refer with precision to any particular object. *Williams v. Black Lumber Co.*, 275 Ark. 144, 628 S.W.2d 13 (1982). Parol evidence is admissible not only to bring out the latent ambiguity but also to explain the true intention of the parties. *Id.*

■ We find that provision (19) of the divorce decree and property-settlement agreement is unambiguous, containing no patent or latent ambiguity. The divorce decree and property-settlement agreement explicitly provided that the appellee's retirement plans, including the 401k plan, "shall be divided equally as of the date of the decree." Provision (19) does not address the pass-through dividends received after the date of the decree but prior to the division pursuant to the QDRO. Provision (18) addresses stock dividends of the ESIP received after the settlement agreement but prior to the division, although no other provisions for post-decree dividends were made in the decree. If the parties had intended to divide the pass-though dividends of the 401K plan received after the decree but prior to the division pursuant to the QDRO, such a provision could have been provided as was the case for the ESIP dividends. Because the divorce decree and property-settlement agreement contains no ambiguity, parol evidence was inadmissible. Therefore, we affirm.

Affirmed.

BIRD, CRABTREE, and MEADS, JJ., agree.

ROBBINS, C.J., and ROAF, J., dissent.

ANDREE LAYTON ROAF Judge, dissenting. I would reverse and remand this case with instructions that the trial court divide appellee Thomas Oliver's 401k retirement plan as provided by the clear and explicit language in paragraph nine of the parties' property settlement agreement, that this plan be divided "equally as of the date of the divorce."

The chancellor found that the language of the property-settlement agreement is unambiguous. If that be the case, equally means equally, and to allow the appellee to retain all of the earnings and dividends accrued to the plan between the July 1997 date of the divorce decree and the entry of the Qualified Domestic Relations Order (QDRO) some sixteen months later does not provide for equal division. It is illogical to employ the language found in a separate provision dealing with interim division of profits from stocks to interpret the clear directives in paragraph nine. Moreover, the QDRO is simply the mechanism that allows retirement-plan administrators to implement court-ordered division of retirement plans, and is in no way analogous to a one-time division of stocks.

Conversely, if the absence of specific language in the settlement agreement providing for division of the retirement-plan earnings pending the entry of the QDRO creates a latent ambiguity, parol testimony about the intent of the parties should therefore be admissible. *See Dodson v. Dodson,* 37 Ark. App. 86, 825 S.W.2d 608 (1992). This testimony clearly established that appellee understood that he was supposed to pay one-half of the accrued 401k dividends to appellant, agreed to do so in writing, advised her to pay income taxes on her one-half share, and then reneged on his agreement after his attorney suggested that the decree did not specifically require him to share this money.

The appellant is entitled to one-half of the profits earned by the retirement plan after the date of the divorce decree, no matter how you cut it. I would reverse and remand.

ROBBINS, C.J., joins.