
# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CV–17–18

| | |
|---|---|
| MARY CHRISTINE HAGGARD<br>APPELLANT<br><br>V.<br><br>BRIAN EDWARD HAGGARD<br>APPELLEE | **Opinion Delivered:** October 25, 2017<br><br>APPEAL FROM THE<br>WASHINGTON COUNTY<br>CIRCUIT COURT<br>[NO. 72DR–14–1519]<br><br>HONORABLE CRISTI<br>BEAUMONT, JUDGE<br><br>AFFIRMED ON APPEAL AND ON<br>CROSS-APPEAL |

## RITA W. GRUBER, Chief Judge

Mary Christine Haggard (Christy) appeals from an order dismissing her request to modify the parties' divorce decree regarding certain expenses related to their minor children. Her ex-husband, Brian Edward Haggard (Brian), cross-appeals from the court's order interpreting and clarifying the divorce decree regarding the timing of alimony payments. We affirm on both the appeal and the cross-appeal.

Christy filed a complaint for divorce against Brian on September 5, 2014. The circuit court ordered the couple to attend mediation and appointed an attorney ad litem to represent their children's interests. After the mediation, the parties appeared before the court on January 22, 2015, and recited into the record their mediated agreement regarding custody, child support, visitation, alimony, and property division. The agreement provided for joint custody, with the parties essentially alternating weeks; required Brian to pay child

support to Christy in the amount of $1300 per month plus 25 percent of any tax refunds, employment bonuses or other income he received; and ordered Brian to pay Christy "alimony in the amount of $1200 per month for 120 months beginning on February 1, 2015," plus 25 percent of any employment bonuses or other income he received. The circuit court entered a decree of divorce on March 10, 2015.

On January 26, 2016, Christy filed a petition to modify the divorce decree, requesting the court to address two issues: first, Christy alleged that Brian had refused to tender alimony payments to her on the first of each month and had intentionally used the date of the alimony payment as a "weapon of manipulation and control," making the payments "when he [felt] so inclined to pay." She asked the court to order Brian to make the payments on the first of each month. She also alleged that the divorce decree was silent on the matter of the children's expenses other than medical expenses. She specifically mentioned sports activities, cell phones, haircuts, school uniforms, summer camps, and birthday-party expenses. In an amended petition, she alleged that the parties had agreed to divide these expenses equally and that this agreement was reflected in the oral recitation of their agreement before the court on January 22, 2015. She claimed that the divorce decree's providing for equal division of only the children's medical expenses was a drafting error and did not accurately reflect their agreement.

Brian moved to dismiss Christy's petition, arguing that the circuit court lacked authority to modify the divorce decree absent consent of the parties because the decree constituted a valid and binding contract. He also argued that the court could not order

payment of those expenses because they were not enumerated in Administrative Order Number 10.

The circuit court entered an order on April 13, 2016, denying Brian's motion regarding alimony but granting his motion on the issue of the children's expenses. The court found that Christy had failed to state a claim upon which relief could be granted because the divorce decree was the final agreement of the parties and any previous agreement—that is, the oral recitation at the hearing before entry of the divorce decree—was not relevant given that the divorce decree constituted the final agreement and was agreed to by both parties.

After a hearing, the court entered an order on October 25, 2016, finding that the decree's provision regarding alimony was not ambiguous and that the language in the decree required Brian to pay alimony once every 30–31 days beginning on February 1, 2015, for 120 months. Alternatively, the court found that if the language regarding the payment date for alimony was ambiguous, the court was using its authority under Rule 60(b) of the Arkansas Rules of Civil Procedure to correct a clerical mistake in a decree at any time. Accordingly, the court ordered Brian to make the alimony payments on the first day of each month.

## I. *Appeal*

Christy appeals from the circuit court's dismissal of her petition to modify the divorce decree to provide that the parties divide equally the expenses of the children. Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Hall v. Jones*, 2015 Ark. 2, at 3, 453 S.W.3d 674, 676. Christy contends that

the parties negotiated an agreement regarding these expenses, the agreement was read into the record at the hearing on January 22, 2016, and the provision was erroneously omitted from the divorce decree incorporating their agreement.

The relevant recitation at the hearing of the parties' agreement—i.e., dealing with the children's expenses—provided as follows:

> Expenses for the minor children will be divided 50/50 between the parties. Any expense under $100 will just—each parent will keep an accounting during the month and they'll reconcile the amounts at the end of the month if one party owes the other party for any expenses. Any single expenses over $100 shall be reconciled between the parties immediately. Medical expenses not covered by insurance shall be split 50/50 between the parties. The parties have agreed that a mole on BH's arm, the cost shall be split 50/50. The boys will remain at St. Joseph's until after completion of sixth grade, unless otherwise agreed to by the parties. The parties will split the cost of St. Joseph 50/50.

The written portion of the divorce decree governing the children's expenses, however, provides as follows:

> 12. The parties shall equally divide all medical expenses incurred on behalf of the minor children not covered by insurance. If a single expenditure is under $100, the parties shall keep track of said expenditure and account for equitable distribution of the expenses at the end of each month. If a single expenditure is over $100, then the parties shall account for equitable distribution of the expense immediately and said amount will not be included in the accounting at the end of the month.

> 13. [Brian] shall keep the minor children on his health insurance as long as he is obligated to pay child support for said child. The parties shall equally divide medical expenses not covered by insurance. The parties agree that BH is in need of a cosmetic procedure and the parties shall divide equally the medical costs associated with said procedure.

> 14. The parties shall keep the two youngest minor children enrolled at St. Joseph's school which they currently attend until said child completes the sixth grade. The parties will equally divide the cost for this school.

Christy argues that the agreement in the divorce decree is silent as to the shared responsibility for expenses of the minor children other than medical expenses. She argues

that this omission is a drafting error that should be modified by the circuit court, that the decree should be conformed to accurately reflect the parties' agreement that was dictated in open court, and that the court abused its discretion in dismissing this portion of her petition to modify. Christy does not argue that the parties failed to enter into an agreement, only that the divorce decree does not accurately reflect their true agreement regarding the children's expenses.

A court has no authority to modify an independent contract that is made part of a divorce decree. *Artman v. Hoy*, 370 Ark. 131, 257 S.W.3d 864 (2007). *See Kennedy v. Kennedy*, 53 Ark. App 22, 918 S.W.2d 197 (1996); *Kersh v. Kersh*, 254 Ark. 969, 972, 497 S.W.2d 272, 274 (1973); *Lively v. Lively*, 222 Ark. 501, 502, 261 S.W.2d 409, 410 (1953). While the agreement is still subject to judicial interpretation, we must apply the rules of contract construction in interpreting the agreement. *Klenakis v. Klenakis*, 2017 Ark. App. 36, at 5, 510 S.W.3d 821, 823–24. When a contract is unambiguous, its construction is a question of law for this court, and the intent of the parties is not relevant. *Oliver v. Oliver*, 70 Ark. App. 403, 407, 19 S.W.3d 630, 633 (2000). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Klenakis*, 2017 Ark. App. 36, at 5, 510 S.W.3d at 824. The parol-evidence rule is a rule of substantive law in which all antecedent proposals and negotiations are merged into the written contract and cannot be added to or varied by parol evidence. *Hagans v. Haines*, 64 Ark. App. 158, 163, 984 S.W.2d 41, 44 (1998). When a contract is plain, unambiguous, and complete in its terms, parol evidence is not admissible to contradict or add to the written

terms. *Barnett v. Mountain View Sch. Dist.*, 2010 Ark. App. 333, at 7, 374 S.W.3d 851, 856 (2010). When the meaning of the words is ambiguous, parol evidence is admissible to explain the writing. *Pittman v. Pittman*, 84 Ark. App. 293, 298, 139 S.W.3d 134, 136 (2003).

In this case, the parties' agreement is unambiguous. It does not provide for the equal division of expenses for the minor children other than those specifically mentioned: medical expenses and the expense for the younger boys to attend St. Joseph's. The transcript from the hearing before entry of the divorce decree constitutes parol evidence and is not admissible to show that the parties had a different agreement before the final agreement was set forth in the divorce decree. The parties expressed their agreement in the written divorce decree, and the circuit court construed the writing in accordance with the plain meaning of the language employed. We therefore hold that the circuit court did not abuse its discretion in granting Brian's motion to dismiss Christy's petition to modify the decree regarding the children's expenses.

## II. *Cross-Appeal*

On cross–appeal, Brian argues that the circuit court erred in interpreting the alimony provision of the divorce decree as requiring him to make the payment on the first day of every month. He contends that this constituted a reformation of the parties' agreement and was not authorized either under the court's authority to interpret the agreement or pursuant to Rule 60(b), which allows the court to correct clerical errors.

While a court has no authority to modify a couple's independent contract, the contract is still subject to judicial interpretation. *Klenakis*, 2017 Ark. App. 36, at 5, 510 S.W.3d at 823. In our review of the circuit court's interpretation of the agreement, the first

rule is to give to the language employed the meaning that the parties intended. *Chastain v. Chastain*, 2012 Ark. App. 73, at 9, 388 S.W.3d 495, 500. In construing any contract, we must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. We quoted from our supreme court in explaining as follows:

> The best construction is that which is made by viewing the subject of the contract, as the mass of mankind would view it, as it may be safely assumed that such was the aspect in which the parties themselves viewed it. It is also a well-settled rule in construing a contract that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement.

*Chastain*, 2012 Ark. App. 73, at 9, 388 S.W.3d at 501 (quoting *Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 371, 255 S.W.3d 424, 429 (2007)).

The provision at issue provides in relevant part that Brian "shall pay to [Christy] alimony in the amount of $1200 per month for 120 months beginning on February 1, 2015 or until a Court orders termination of alimony pursuant to A.C.A. § 9-12-312(2)." The circuit court interpreted this language "per month" as meaning every 30 days, or 30–31 days, which began on February 1, 2015. We hold that the court did not err in this interpretation. Because we hold that the court did not err in its interpretation, we do not address the alternative basis for its ruling under Rule 60(b).

Affirmed on appeal and on cross-appeal.

WHITEAKER and BROWN, JJ., agree.

*Matthews, Campbell, Roads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups* and *Ryan P. Blue*, for appellant.

*Taylor Law Partners, LLP*, by: *John Mikesch*, for appellee.