ANDERSON v. WAINWRIGHT.

Opinion delivered October 28, 1899.

1.  EVIDENCE—WRITTEN CONTRACT.—A written contract cannot be changed or added to by parol evidence. (Page 66.)

2.  AGREEMENT TO RECEIVE RENTS—EFFECT.—Plaintiff, having a prior attachment lien on land, agreed with creditors holding subsequent liens to accept a first lien on the land to secure his claim, and to accept the rent accruing therefrom, less insurance and taxes. The rents were so applied for four years, but failed to reduce the principal of the debt. *Held*, that plaintiff was entitled to enforce his lien by a sale of the land. (Page 66.)

Appeal from Hempstead Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

STATEMENT BY THE COURT.

On December 12, 1896, plaintiff filed her complaint in the Hempstead circuit court on the chancery side thereof, alleging: That on the 23d day of September, 1892, one Wm. R. Crossett, a defendant herein, was indebted to her in the sum of two

thousand dollars, evidenced by a promissory note bearing ten per cent. interest per annum, and that on said day she entered suit in the Hempstead circuit court against said Crossett to recover said amount, and that under a writ of attachment issued in said suit she levied upon certain real estate belonging to Crossett, and thereby obtained a prior lien thereon to secure payment of her demand. That at that time the said Crossett owed various amounts to the respective defendants in this cause or their respective grantors. That on the 23d day of November, 1892, said plaintiff, E. E. Wainwright, W. R. Crossett and the other said creditors of said Crossett entered into a contract by which it was agreed that said suit of plaintiff against W. R. Crossett should be dismissed, and a lien made and given to the plaintiff, E. E. Wainwright, upon said above described lots to secure prompt payment of said two thousand dollars' debt, and that a deed should be made by W. R. Crossett to said other creditors conveying said real estate above mentioned to them subject to said lien. That said deed was executed and delivered, carrying out said agreement, and duly recorded; and that a copy of said agreement was filed with this complaint, marked "Exhibit A," and that a reference to said deed will disclose the fact that the title to said lots thereby conveyed is warranted to the grantors therein against all claims except the lien of the plaintiff. That in said deed the following words are found to-wit: "Except the claim of $2,000, payable to Mrs. E. E. Wainwright, for which said debt a lien is hereby reserved." And plaintiff prays for judgment for twenty-three hundred dollars, for a lien upon said lots, and that they be sold to pay said debt.

The defendants answered that Nettie Kenser, Ida Hatch, A. J. Anderson, M. A. Lowery, M. C. Rodgers, Katherine A. Forney and Jossie Lee Yowell had become possessed of all the rights and interest of the original defendants; that they supposed it was true that the plaintiff, E. E. Wainwright, had a prior lien by attachment against W. R. Crossett on the property in controversy, as alleged in her complaint. Further, they alleged that they and their grantors were at the same time creditors of the said Crossett, and held liens by attachment

sued out against Crossett on the property in controversy, and that such was the condition of affairs on the 11th day of November, 1892, when the following basis of settlement was agreed upon between the said W. R. Crossett and his then attaching creditors, who were the plaintiffs in this cause and the original defendants: The said E. E. Wainwright agreed to accept a first lien on the property in controvery to secure her claims, and to accept the net monthly rents of same, less insurance and taxes, a copy of which agreement was attached to said answer in words and figures as follows: "I agree to accept a first lien on the two brick buildings in Hope, Ark., now belonging to W. R Crossett,. located on parts of lots one (1) and two (2) in block twenty seven (27), fronting forty nine (49) feet on Elm street, and extending back one hundred (100) feet west, to secure to me the payment of the sum of two thousand dollars and interest thereon due me on note executed to me by W. R. Crossett, and I agree to accept the rent accruing from said buildings monthly, except so much thereof as is necessary to pay insurance and taxes on said buildings. This November 11, 1892.     E. E. WAINWRIGHT."

Said defendants in their answer further say, in consideration of her said agreement, that they liquidated their claims against said Crossett by accepting a deed from said Crossett, burdened, however, with a lien in favor of Mrs. E. E. Wainwright, being the deed referred to by plaintiff in her complaint. That both of said instruments, to-wit; the deed and agreement, were executed and delivered to them in the month of November, 1892. They furthur state that the moving consideration of their relinquishment of their claims against Crossett and accepting a deed to the property, burdened as it was with a lien in favor of Mrs. E. E. Wainwright, was the agreement of the [said E. E. Wainwright as above set forth. That, at the time said adjustments were made, it was specially understood by both themselves and the said E. E. Wainwright that her claim was to be liquidated. by the net proceeds of the rent of the property in controversy, deducting taxes and insurance, and in no other way, and it was her wish and desire that she should be paid in that way, and not by sale of said premises in con-

troversy. The defendants further say that they have strictly performed their part of said contract until commencement of this suit, and that Mrs. E. E. Wainwright received all the rents of the property in controversy, less insurance and taxes, and that they still stand prepared to carry out their said agreement. They further allege that the attempt of E. E. Wainwright to liquidate her said claim by foreclosure sale of property in controversy is wrong, and against the rights and interest of the defendants, and in violation of said E. E. Wainwright's solemn contract and agreement, and they pray judgment against the plaintiff, and for costs and for other relief.

On April 13, 1897, the plaintiff, through her attorney, J. H. McCollum, files her written demurrer to defendant's answer as follows: The plaintiff demurs to the answer of the defendants herein, and for cause says that the facts alleged and set out in said answer are not sufficient to constitute a defense. The court sustained said demurrer. To which judgment the defendants except, which exception is noted of record. Whereupon the court rendered judgment for the plaintiff in the sum of two thousand and five dollars, with ten per cent interest until paid; that she have a lien upon the property in controversy; and that said property be sold to satisfy her debt; and that the equity of redemption of said defendants be forever cut off and barred. To the court's findings and judgment the defendants at the time excepted, and asked that their exceptions be noted of record, which was done, and defendants prayed an appeal to the supreme court, which was granted.

*J. P. Harvey* and *Green & McRae*, for appellants.

The contemporaneous agreement of appellee was admissible in evidence, and should have been received and construed in connection with the deed and other writings. 17 Am. & Eng. Enc. Law; 442[7], 443[8]; 27 Ark. 510; 1 Greenl. Ev. § 283; Laws. Cont. § 378, p. 378.

*Jas. H. McCollum*, for appellee.

As appellee's agreement to accept rents was not for any definite length of time, she should be required to accept them for

only a reasonable length of time. 62 Am. St. Rep. 38; 1 Beach, Cont. § 80; Clark, Cont. 627; Bish. Cont. §§ 63, 327. Parol evidence could not be admitted to show anything beyond the terms of the written agreement. Clark, Cont. 565, 567; 1 Beach, Cont. §§ 28 and 29; 65 Ark. 333. The latter clause of the agreement is too vague to amount to a contract. Clark, Cont. § 63, 64 and 474; Bish. Cont. § 316; 1 Beach, Cont. § 72; 2 *Id.* § 1766; 64 Ark. 398. The agreement, in so far as it attempts to deprive appellee of her right to resort to the courts for enforcement of her rights, is unenforceable. 8 Am. St. Rep. 913; 35 *Ib.* 793; 35 Ark. 17. The violation of appellant's duty to keep the buildings in repair, and the charging of said repairs to appellee, constituted such a breach of the contract as entitled appellee to rescind. 39 Am. St. Rep. 415; 5 Laws on Rights, Rem. & Pract. § 2589. The contract alleged would be unilateral, and not binding on appellee. 3 Am. St. Rep. 758; 19 Am. St. Rep. 205; Clark, Cont. 165, 166; 12 How. 126; 23 S. W. 392; Bish. Cont. § 61; 1 Beach, Cont. §§ 147 and 168. The agreement was merged into the deed executed subsequently. 5 Lawson, Rights, Rem. & Pract. § 2580; Clark, Cont. 81; Bish. Cont. § 129. The contract and the deed are plain and unambiguous in their terms, and evidence should not be admitted to contradict, change or modify them. 5 Lawson, Rights, Rem. & Pract. §§ 2580, 2284; 11 Am. St. Rep. 889; 2 Demb. Land Tit. § 137; Clark, Cont. 80, 81; 11 Am. St. Rep. 159; 47 Ark. 301.

HUGHES, J., (after stating the facts.) The contract was in writing, and could not be changed or added to by parol evidence. The demurrer to the answer was properly sustained.

If it is shown that there was a valid consideration for the plaintiff's agreement not to enforce her lien, she could only be held bound to refrain from doing so for a reasonble length of time. She did refrain from suit to enforce her lien for four years. We think that this was as much as could be required of her. A party cannot be held to have precluded himself from the exercise of the right to resort to the courts to protect and enforce a legal right. *Chadwick* v. *Hopkins*, 62 Am. St.

Rep. 38; *Hershy* v. *Clark*, 35 Ark. 17; *Brooks* v. *Cooper*, 35 Am. St. Rep. 793.

The judgment is affirmed.

BATTLE, J., did not participate in the determination of this cause.