83 105
83 243
83 287
83 105
87 96

JOHNSON *v.* HUGHES.

Opinion delivered May 27, 1907.

1. EVIDENCE—PAROL WARRANTY VARYING WRITTEN CONTRACT.—When a written contract is by its terms complete, it was not competent to engraft upon it a warranty resting in parol. (Page 108.)

2. SALE OF CHATTEL—AGREEMENT TO RESCIND.—An offer on the part of the vendor of a chattel to accept a return of the chattel does not operate as a rescission until complied with by the vendee. (Page 108.)

Appeal from Craighaed Circuit Court; *Allen Hughes,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiffs, W. J. Hughes & Co., sold and delivered to the defendants, Johnson, Berger & Co., an oil tank for the price of $40.09 pursuant to a written contract which, after particularly describing the tank with reference to its size and capacity and after the terms of the sale, contained the following:

"GUARANTY:

"We guaranty the tank and pump referred to in this contract with ordinary use to remain in perfect order for three years from the date of invoice. Should said tank or pump get get out of order at any time, we agree to repair same free of charge, except transportation, which is to be paid by the purchaser. This contract covers all agreements between the parties hereto, and no agent is authorized to change the contract in any way. I or we have read and understood the above contract."

This is an action to recover the contract price of the tank, and the defendant pleaded in defense an alleged warranty on

the part of the plaintiffs that the use of the tank by defendants in their store would not interfere with their fire insurance. The court excluded testimony offered by defendants tending to establish a verbal agreement made by plaintiffs at the time of the sale warranting the tank in the particular named.

After the delivery of the tank a dispute arose between the parties concerning the question whether its use would interfere with the local insurance rules, and the plaintiffs wrote a letter to defendants proposing that the latter return the tank, and that they (plaintiffs) would replace it with a new one. A witness for the defendants testified that on receipt of said letter defendants shipped the tank to another concern, the American Tank & Fixture Co., of St. Louis, which had formerly held the contract by assignment from the plaintiffs.

The court instructed the jury that the issues were narrowed down to the single one, whether or not the defendants' had shipped the tank back to the plaintiffs; that if "they shipped it back to the people who shipped it to them then that would be enough to release them from the contract; but if they shipped it back to a person who did not ship it to them, and with whom they had no contractual relations, that would not release them from liability, and they would be liable on the contract."

The court refused to give a peremptory instruction in behalf of the defendants, and also refused to give the following instruction at their request:

"No. 1. If you find from the evidence that Johnson, Berger & Co. shipped the tank in question to W. J. Hughes & Co., or anyone else, upon receipt of the letter of W. J. Hughes & Co., dated November 25, 1902, in an attempt to comply with the instructions contained in said letter, plaintiffs can not recover in this action because it is a different action from that sued on in the justice of the peace court.

"No. 3. If you find that Johnson, Berger & Co. shipped the machine in controversy to some other person in St. Louis or elsewhere, other than the person to whom they should have shipped it under the letter from W. J. Hughes & Co. to them dated November 25, 1902, and further find that W. J. Hughes & Co. knew who had the machine in charge and could have procured the same at any time and refused to receive it, not on

the ground that it was shipped to the wrong consignee in St. Louis or elsewhere, but on some other ground or for some other reason, then the error in returning the machine, if there was any, was waived by the said W. J. Hughes & Co., and it can not recover.

"No. 4. Even if you find from the evidence that the machine was never delivered to W. J. Hughes & Co. by Johnson, Berger & Co. in compliance with the terms of their letter of November 25, 1902, rescinding the contract of sale, if you find that the machine was by Johnson, Berger & Co. shipped to a concern in St. Louis, and that W. J. Hughes & Co. knew where it was and could have secured it at any time, then it was the duty of W. J. Hughes &  Co. to mitigate their damages by procuring the machine from the person who received it in St. Louis, and W. J. Hughes & Co. can recover from Johnson, Berger & Co. only for the necessary expense of procuring the machine from the person in whose charge it was placed."

The jury returned a verdict in favor of plaintiffs for the price of the tank, and the defendants appealed.

*Charles D. Frierson,* for appellants.

1. Appellee's agreement that the pump and tank should not interfere with appellee's insurance being a contemporaneous, collateral, substantive agreement relating to the same subject-matter and forming a part of the consideration of the written contract, the court erred in excluding proof thereof. 27 Ark. 510; 55 Ark. 347; *id.* 112; 2 Jones on Ev. (1 Ed.) § 444; 21 Am. & Eng. Enc of L. (2 Ed.) 1094; *id.* 1112; 17 Cyc. 717.

2. Appellee's letter of November 25, 1902, authorizing appellant to ship the tank back to them operated as a rescission of the contract, and thereupon appellant's relation to appellee was that of a bailee. Lawson on Bail. 9-12; 3 Am. & Eng. Enc. of L. (2 Ed.) 733-4; 61 Am. Dec. 118; 5 Cyc. 161 *et seq.* And for failure to deliver appellant would be liable in an action for conversion only, not in a suit upon the written contract, nor upon implied contract. Lawson on Bail. § 22; 5 Cyc. 201; *Id.* 214; 3 Am. & Eng. Enc. of L. (2 Ed.) 754-5; 28 *Id.* 695 *et seq.;* 15 *Id.* 1116; 4 Cyc. 332; 31 Ark. 155; 17 Ark. 599; 11 Ark. 270.

*J. F. Gautney* and *N. F. Lamb,* for appellee.

1.  The contract specifically provides that there was no other contract between the parties, that no agent had any authority to change it, and the guaranty was merely to the effect that with proper care the tank would render efficient service for three years. Johnson's testimony would have contradicted the written contract in these particulars and was properly excluded. 65 Ark. 333; 66 Ark. 445; *id.* 393; 67 Ark. 62; 73 Ark. 431; 75 Ark. 55; 64 Ark. 650; 50 Ark. 393.

2.  Appellee's letter was not in itself a rescission, but rather permitted appellant to rescind if it so desired.

McCULLOCH, J., (after stating the facts.) 1. The written contract between the parties was complete, and it was not competent to engraft upon it a warranty resting in parol. *Lower* v. *Hickman,* 80 Ark. 505.

2.  The third and fourth instructions requested by appellants were properly refused because the evidence does not show that appellants shipped the tank to the American Tank & Fixture Co., or that appellees had any notice of any shipment to that concern or authorized such shipment to that concern.

3.  It is contended on behalf of appellants that the agreement of appellees to accept a return of the tank operated as a rescission of the contract, and that appellees could not thereafter sue upon the contract for the price, whether the tank was returned or not. They contend that after such rescission they (appellants) held the tank as bailees, that appellees' only remedy was to sue for conversion, and that there can be no recovery in this action for the conversion, as that would change the form of the action from contract to tort. We do not think the contention is sound. The proposal of appellees to accept a return of the tank for exchange did not rescind the contract. It only gave appellants the right to ship the tank back for exchange for another, and, until complied with by shipment of the tank, did not release them from liability for the price.

Affirmed.