GRIGGS v. SCHOOL DISTRICT No. 70.

Opinion delivered July 6, 1908.

1. SCHOOL DISTRICT—ORAL CONTRACT FOR HIRE OF TEACHER.—School directors are not authorized to make a parol contract for the hire of teachers. (Page 96.)

2. EVIDENCE—VARYING WRITTEN AGREEMENT BY PAROL.—Where school directors entered into a written contract to employ a teacher, which was complete and unambiguous, it was error to admit evidence of a prior or contemporaneous parol agreement which tended to vary or conflict with the written contract. (Page 96.)

Appeal from Randolph Circuit Court; *J. W. Meeks, Judge;* reversed.

STATEMENT BY THE COURT.

Appellant sued appellees in justice's court for breach of the following contract:

"TEACHER'S CONTRACT.

"State of Arkansas, County of Randolph.

"This agreement between C. H. Meridith, Samuel Fluke and J. H. Hatfield, as directors of school district No. 70, in the county of Randolph and State of Arkansas, and Jake Griggs, a teacher who holds license of the third grade, and who agrees to teach a common school in said district, is as follows: The said directors agree upon their part, in consideration of the covenants of said teacher hereinafter contained, to employ the said Jake Griggs to teach a common school in said district for a term of three months, commencing on the fourth day of March, 1907, and to pay therefor, in the manner and out of the funds provided by law, the sum of $40 for each school month. Said directors further agree that all the steps required or allowed by law to be taken by said district and its officers to secure the payment

of teacher's wages shall be so had and taken promptly, and the requirements of the law in favor of the teacher complied with by said district. The teacher on his part agrees to keep said school open 6 hours each school day; keep carefully the register required by law; preserve from injury to the uttermost of his power the district property; give said school his entire time and best efforts during school hours, use his utmost influence with parents to secure a full attendance of scholars; and generally to comply with all the requirements of the laws of this State in relation to teachers, to the best of his ability.

(Signed)      "C. H. Meridith,

"Samuel Fluke,

"J. H. Hatfield,

"Directors.

"Jake Griggs,

"Teacher.

"Date: March 4, 1907. Place: Meridith District."

Appellant in his complaint sets up the contract, alleged that he taught one month, for which he was paid by appellees. That he began on the second month, taught two days, and was then locked out by appellees and compelled to discontinue the school, although he was at all times ready to carry out the contract on his part, and continued to attend at the place where the school was to be taught from day to day till the end of the term of three months in order to perform his duties under the contract; that at the end of the three months he demanded of appellees $80 for the two months' salary due him, which they refused to pay.

Appellees filed no written pleading, but their contention in both the justice's and circuit courts, as stated by them in their brief, was that the contract sued on was not the contract made with the appellant; that such contract did not embrace the agreement that was really made; that the contract under which the appellant was to teach the school required that he should teach one month, or until the children of the district should be needed in the crops, whichever should first happen, and that they had paid him for the one month, and were not liable further; and that they had fully complied with their agreement with the appellant; that he had no legal contract with the school district.

The appellant adduced evidence tending to support the al-

legations of his complaint. The appellees, directors, admitted that they had each signed the contract in evidence, that appellant had taught one month under it, and that they had accepted his services, and paid him for same, and over the objection of appellant they were then permitted to show "that the real agreement was that the appellant was to teach one month, or until the children were needed in the crops, and then was to suspend the school until after the crops were laid by." The court over the objection of appellant declared the law as follows:

"Defendants aver that at and before the execution of the written contract there was a parol agreement between plaintiff and defendants that he should begin his school at the time set out in the written contract, but that it was further agreed that at the end of one month, or when the patrons needed their children at home to assist in farm work, plaintiff should take a vacation till July 1st following, all of which was a condition attending and a part of said written contract, and it is a duty of defendants to establish this contention by a preponderance of the testimony.

"Should you find from the testimony that it was agreed between the parties hereto, at or before the execution of the written contract, that plaintiff should take a vacation when the children were needed at home, and should you find that, acting under this agreement, two or more of the directors consulted together and decided that under said agreement school should stop temporarily at close of first month, and one or more of them so notified plaintiff, then you should find for defendants; otherwise you should find for plaintiff."

The appellant duly saved his exceptions to the court's ruling. The court refused to give the following prayer asked by appellant, to-wit: "You are instructed that you are not to consider in this cause any of the oral testimony adduced in regard to the alleged vacation in the term of school; but that you should be governed exclusively by the written contract between the parties as to the length of school term and all other matters set out in said contract."

These rulings are sufficient to present the theory upon which the cause was tried.

The verdict was in favor of appellees, judgment was entered

accordingly. A motion for new trial presenting the assignments of error reserved at the trial was overruled, and this appeal was taken.

*Henderson & Campbell,* for appellant.

The statute authorizes a written contract only. Kirby's Dig. § 7615. For this reason, as also for the reason that parol evidence is not admissible to vary or change a written contract, the court erred in admitting testimony in this case to prove a parol contract. 67 Ark. 62; 55 Ark. 352; 50 Ark. 393; 64 Ark. 653; 78 Ark. 574; 80 Ark. 505; 83 Ark. 171; *Id.* 105; *Id.* 283; *Id.* 240.

*Witt & Schoonover,* for appellees.

The disputed fact is as to whether or not the school was to be taught continuously. Where, as in this case, a contract is made, and the written contract executed to evidence the same does not conform to the real contract, does not express or contain the real understanding, part proof is admissible to show what the real agreement was. 75 Ark. 89; 76 Ark. 140; 55 Ark. 112; 71 Ark. 408; 70 Ark. 232; 68 Ark. 544; 75 Ark. 55.

WOOD, J. (after stating the facts.) The law did not authorize any but a written contract to be made with appellant (Kirby's Digest, § 7615), and the written contract in evidence, made presumably under the above section, could not be changed or contradicted by parol testimony. Parol evidence could not be adduced to show a different contract from that authorized by law. Sec. 7615, *supra*. The contract which appellant introduced and upon which his suit was grounded was unambiguous as to the time for which appellant was employed and the wages to be paid him. Any prior propositions or contemporaneous agreements which tended to vary or conflict with the written contract should have been excluded by the court.

The court erred in its rulings, both in the admission of testimony and the declaration of law. The appellant's prayer for instruction should have been granted. See *Barry-Wehmiller Mach. Co.* v. *Thompson,* 83 Ark. 287; *Soudan Planting Co.* v. *Stevenson,* 83 Ark. 171; *Arden Lumber Co.* v. *Henderson Iron Works & Supply Co.,* 83 Ark. 240; *Johnson* v. *Hughes,* 83 Ark. 105; *Lower* v. *Hickman,* 80 Ark. 505; *Thomas* v. *Johnson,* 78

Ark. 574; *Anderson* v. *Wainwright,* 67 Ark. 62; *Rector* v. *Bernaschina,* 64 Ark. 650; *Jenkins* v. *Shinn,* 55 Ark. 352; *Ritchie* v. *Frazier,* 50 Ark. 393.   Here the contract was complete in itself, and there was nothing about it that needed to be explained.

The judgment is therefore reversed, and the cause is remanded for a new trial.