[File No. 6178.]

W. E. MICHAELSOHN, Appellant, v. NORWAY SCHOOL DISTRICT NUMBER 12, of McHenry County, a Quasi-Municipal Corporation, Respondent.

(249 N. W. 776.)

Opinion filed July 29, 1933.

684

*L. J. Palda,* Jr., *C. E. Brace* and *Robert W. Palda,* for appellant.

*Nels G. Johnson* and *Albert Weber,* for respondent.

BIRDZELL, J. This is an action to recover damages for the refusal of the defendant school corporation to execute a teacher's contract with the plaintiff. The complaint alleges and the evidence shows that the defendant, in April, 1931, through its board of directors, offered to employ the plaintiff as principal for the school year of 1931–1932 at a salary of $2,050; and that thereafter the plaintiff accepted the offer, since which time he has been ready, willing and able to teach the school and to perform, as well as execute, a contract in writing; but that the defendant declined to execute a contract in writing, or to allow the plaintiff to enter upon the performance of his oral contract. The only question we need consider on the appeal is whether or not these facts form a legal basis of an action for damages against the defendant school district.

The statute outlining the powers of a school board with respect to the employment of teachers specifically provides (Comp. Laws 1913, § 1178) that "every contract for the employment of a teacher must be in writing and such contract must be executed before such teacher begins to teach in such school." This statute is mandatory, and to hold that the school district could be held liable on account of having entered into an oral contract to execute a written contract would be to deprive the statute of its force. We are not concerned with the reasons which might have appealed to the legislature in fixing the requirement that teachers' contracts must be in writing. Suffice it to say that substantial reasons for such requirement might well be found to exist. Where the law prescribes formalities for the formation of public contracts, such as a written contract, no contract is formed until this

formality has been complied with. Griggs v. School Dist. 87 Ark. 93, 112 S. W. 215; Edge Moor Bridge Works v. Bristol County, 170 Mass. 528, 49 N. E. 918; Voorhees, Public Schools, § 64; 1 Williston, Contr. § 31.

It follows that the action was properly dismissed and that the judgment must be affirmed. It is so ordered.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON and BURR, JJ., concur.