Rose TURNBOUGH *v.* MAMMOTH SPRING SCHOOL

CA 00-1207                                          45 S.W.3d 430

Court of Appeals of Arkansas
Division IV
Opinion delivered June 6, 2001

*Larry Dean Kissee*, for appellant.

*Laser Law Firm, P.A.*, by: *Dan F. Bufford* and *Brian A. Brown*, for appellee.

J OHN B. ROBBINS, Judge. This is an appeal from the Fulton County Circuit Court's dismissal of appellant Rose Turnbough's complaint for the monetary value of the unused sick leave that she accumulated before resigning from her teaching position with appellee Mammoth Spring School District Number Two. We find no error in the circuit judge's decision and affirm.

After twenty years' employment with appellee, appellant resigned in 1999 to take a job in Missouri. At the time of her resignation, appellant requested payment for her ninety days of unused sick leave. After appellee refused to pay. her, appellant filed this action for a declaration of her rights under the Teachers' Minimum Sick Leave Law, Ark. Code Ann. §§ 6-17-1201 through 6-17-1209 (Repl. 1999), and under the terms of her contract with appellee. Finding that the statutes and the contract did not support her claim, the circuit judge dismissed her complaint.

■ On appeal, appellant argues that the trial judge erred in holding that she is not entitled to payment for her unused sick leave under the terms of the Teachers' Minimum Sick Leave Law; that appellee's sick-leave policy is more restrictive than the statutes permit and is against public policy; and that appellee's sick-leave policy violates the Privileges and Immunities Clause of the United States Constitution.[1] We need not address appellant's third argument because she did not obtain a ruling on it by the trial court. A ruling by the trial court on a challenged issue is a prerequisite to our review of that issue. Even questions raised at the trial level, if left unresolved, are waived and may not be relied upon on appeal. *Office of Child Support Enfcmt. v. Neely*, 73 Ark. App. 198, 41 S.W.3d 423 (2001).

### The Teachers' Minimum Sick Leave Law

■ Addressing appellant's first argument on the merits, we find no error in the circuit judge's construction of the relevant statutes. Appellant argues that, according to Ark. Code Ann. §§ 6-17-1204(a) and 6-17-1207 (Repl. 1999), appellee was required to pay her the value of her accumulated sick leave, in which she asserts a vested right. In considering the meaning of a statute, we consider it

---

[1] Appellant includes in her listing of points on appeal the novel issue that "the trial court erred in denying the appellant's claim of adverse possession"; however, she does not follow with any novel argument in support of this contention, nor can we conceive of how this point could possibly be relevant on this appeal.

just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Stephens v. Arkansas Sch. for the Blind,* 341 Ark. 939, 20 S.W.3d 397 (2000). If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Id.* All statutes on the same subject are in *pari materia* and must be construed together. *Boothe v. Boothe,* 341 Ark. 381, 17 S.W.3d 464 (2000).

Section 6-17-1204 provides:

> (a) Each school district in the state shall provide sick leave for each of its teachers at a minimum rate of one (1) day per month or major portion thereof that the teacher is contracted, at full pay.

> (b) Such leave shall be in force beginning with the first day of the first school term for which each teacher is employed.

> (c) If a teacher resigns or leaves his teaching position for any reason before the end of the school term, the employing district may deduct from his last paycheck full compensation for any days of sick leave used in excess of the number of days earned.

> (d) A teacher shall be entitled to sick leave only for reasons of personal illness or illness in his immediate family.

Section 6-17-1206 states that, whenever an employee of a school district leaves that district and accepts employment in another district within this state, he shall be granted credit by the new school district for any unused sick leave, not to exceed ninety days, that he accumulated while employed by the former district. According to section 6-17-1205, unused sick leave shall be accumulated at a rate of one day per month until ninety days have been accumulated. Under the terms of section 6-17-1208, school districts are free to provide more liberal sick-leave benefits to their employees:

> The number of days of sick leave provided by this subchapter are minimums only, and nothing in this subchapter shall prohibit any school district from providing more days of sick leave or from having a more liberal policy for the administration of sick leave, including, but not limited to, the establishment of sick leave pools or banks and allowing district employees who are husband and wife to each utilize the other's accumulated sick leave.

Section 6-17-1207 states that "[p]ayment for unused sick leave shall be made from the salary fund of the district, and these moneys shall be included in meeting the annual requirements for payment of teachers' salaries." As appellant points out, the Teachers' Minimum Sick Leave Law, as enacted by Act 137 of 1971, provided in section five that "[n]o payment for unused sick leave shall be made to teachers." *See* Ark. Stat. Ann. § 80-1253 (Supp. 1977). In Act 1016 of 1979, the General Assembly repealed section 80-1253 and substituted a new version of it, Ark. Stat. Ann. § 80-1253 (Supp. 1979), which is now codified at Ark. Code Ann. § 6-17-1207. Appellant argues that, in the 1979 act, the General Assembly made it clear that payment for unused sick leave is required. We disagree.

In our view, the 1979 act simply repealed the prohibition against paying teachers for unused sick leave but did not require it or dictate the circumstances under which payment is made. It does, however, permit such payments and establishes their source, if they are made. A logical construction of the amended Teachers' Minimum Sick Leave Law, in its entirety, is that school districts are free to decide whether to compensate teachers for unused sick leave; however, if they choose to do so, they must make these payments from their salary funds. If the General Assembly had intended to require school districts to pay teachers for unused sick leave, it could have expressly stated so. We will not read language into a statute that is not there. *Conagra Frozen Foods, Inc. v. Director*, 34 Ark. App. 108, 806 S.W.2d 27 (1991). Our construction of the Teachers' Minimum Sick Leave Law, as amended, is in harmony with its obvious purpose: to prevent employees from losing compensation and suffering financial hardship in the event of personal illness or the illness of an immediate family member. Even if an employee has not utilized all of the sick leave to which he is entitled, the purpose of the law has been served — this "safety net" was available to him if needed. Although we are not bound by the decision of the trial court, in the absence of a showing that the trial court erred in its interpretation of the law, we will accept that interpretation as correct on appeal. *Stephens v. Arkansas Sch. for the Blind, supra; Moore v. Pulaski Co. Special Sch. Dist.*, 73 Ark. App. 366, 43 S.W.3d 204 (2001). Accordingly, we cannot say that the circuit judge erred in construing these statutes as he did.

### Appellant's Contract with Appellee

Due to our conclusion that the Teachers' Minimum Sick Leave Law does not mandate that school districts ever pay teachers

for unused sick leave, the appellant's argument that appellee's policy regarding payment for unused sick leave is more restrictive than the statute permits becomes moot. Consequently, the only question remaining is whether appellant's teaching contract required appellee to pay her for her unused sick leave. Traditional contract principles apply to teachers' employment contracts. *Maddox v. St. Paul Sch. Dist.*, 16 Ark. App. 112, 697 S.W.2d 130 (1985). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Id.*

Appellant's contract incorporated appellee's personnel policies within its terms. Appellee's sick-leave policy provided:

> All full time personnel of the Mammoth Spring School District will be provided with one (1) day of sick leave for each month they are under contract. The sick leave that is not used by an employee may be accumulated up to a total of ninety (90) days. If an employee is absent only in the morning or afternoon, he will have used only one-half day sick leave. Sick leave days may be used only for the reasons of personal illness of the immediate family. Sick leave may also be used in case of a death in the immediate family. In case of doubt, the administration may require a doctor's statement to verify illness. Immediate family is defined as spouse, child, parent, grandparent, brother, sister, uncle or aunt, either by blood or marriage.

> An employee who is absent from school except for these reasons outlined in Act 818 of 1989 [which amended the Teachers' Minimum Sick Leave Law] will have deducted from his salary one day's salary for each day absent.

> Whenever a certified person employed by another School District in this state shall accept employment in this School District, he/she shall be granted credit for any unused sick leave accumulated in the former School District, not to exceed a maximum of 90 days. Said accumulated and unused sick leave credit shall be granted to teacher upon furnishing proof in writing thereof from the School District of former employment of the teacher.

PAY FOR UNUSED SICK LEAVE

Certified personnel will be paid for unused sick leave in excess of ninety (90) days at the rate of a substitute teacher pay.

Any certified employee who is eligible and files for Arkansas Teacher retirement will be paid at the current rate paid for substitute teachers, for any unused sick leave, not to exceed 90 days.

It is undisputed that appellant was not eligible for retirement when she resigned from employment with appellee. Additionally, she is not seeking payment for unused sick leave in excess of ninety days. Accordingly, it is clear that she did not satisfy the terms of appellee's sick-leave policy that provide for the payment of unused sick leave and that the circuit judge correctly construed the contract as providing her with no basis for relief.

Affirmed.

JENNINGS and BAKER, JJ., agree.