2010 Ark. App. 333

**Troyce D. BARNETT, Appellant**

v.

**MOUNTAIN VIEW SCHOOL DISTRICT, Appellee.**

**No. CA 09–976.**

Court of Appeals of Arkansas.

April 21, 2010.

Carey Brian Meadors, Pryor, Robertson, Beasley & Smith, PLLC, Fort Smith, AR, for appellant.

Donn H. Mixon, Mixon Law Firm, Rebecca Worsham, Jonesboro, AR, for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Troyce Barnett filed a complaint in the Circuit Court of Stone County pursuant to the Teacher Fair Dismissal Act of 1983 (Repl.2007 and Supp.2009), against appellee Mountain View School District challenging his termination by the District's Board of Directors. After the parties filed cross-motions for summary judgment, the trial court entered an order denying Barnett's motion and granting the District's. Barnett appeals the dismissal of his claim, arguing that the unambiguous terms of his teacher's contract governed and that the trial court erred in considering parol evidence in construing that contract. We agree and reverse and remand.

The facts in this case are largely undisputed. In 1986, Barnett became licensed in Arkansas to teach secondary career opportunities and agriculture science. When Barnett's teaching job was eliminated due to consolidation in 2006, he interviewed with the superintendent of the District for a new position teaching environmental and earth science, for which he was not licensed. Barnett said that during this interview, he and the superintendent discussed the need to become licensed to teach these science classes, and Barnett acknowledged that he understood he would have to take and pass licensure exams.

On July 27, 2006, the District's Board of Directors voted to hire Barnett as a "Middle School/High School Science Teacher." However, because Barnett was not licensed in Arkansas to teach science, the District was required to seek a waiver from the Arkansas Department of Education (ADE) so that he could teach without a license. Along with the request for the waiver, the District submitted to the ADE a document entitled, "Arkansas Department of Education, Physical/Earth Science, Grades 7–12, Additional Licensure Plan (area 169)," that was executed by Barnett and the District on August 9, 2006. The Additional Licensure Plan (ALP) provided that Barnett would teach environmental and earth science for the District for the 2006–07 school year; however, it also required that Barnett take examinations to become licensed in these fields. The ALP required that Barnett would have no more than three calendar years to meet full licensure requirements. Subsequently, on September 6, 2006, Barnett and the District entered into a document entitled, "Teacher's Contract," employing Barnett for the 2006–07 school year as a "teacher." Thereafter, on April 11, 2007, the ADE granted the District a waiver, permitting Barnett to teach out of his licensure area.

Barnett taught science for the District throughout the 2006–07 school year. Dur-

ing that year, Barnett and his principal visited about Barnett taking the licensure tests. Toward the end of the school year, Barnett took one of the tests. He learned over the summer break that he did not pass. Barnett returned to teach science for the District for the 2007–08 school year; however, the District neither executed an ALP with Barnett, nor did it apply for or receive a waiver from ADE for Barnett for that year. During that year Barnett advised his principal that he failed the licensure test. According to Barnett, his principal told him, "don't sweat it" and that the District "never get[s] rid of good teachers." Barnett taught science the entire 2007–08 school year. He took the test again in the summer of 2008. He did not pass. According to Barnett, he informed his principal about his failure and was encouraged to take the test again.

On May 28, 2008, the District and Barnett entered into another teacher's contract whereby Barnett was hired for the 2008–09 school year as a "high school teacher." At the onset of the 2008–09 school year, Barnett's principal and a new superintendent approached Barnett and informed him that he was not making progress toward licensure. They further advised that he had to pass the licensure tests. As a result of this meeting, on August 11, 2008, the District and Barnett entered into a second ALP that required Barnett to take licensure exams monthly until he passed. This ALP also reflected that Barnett planned to take two tests on September 13, 2008.[1]

For the 2008–09 school year, the District sought to obtain another waiver from the ADE on behalf of Barnett, and it submitted the August 2008 ALP with its request. On September 11, 2008, the District was notified by the ADE that the waiver was denied because Barnett failed to demonstrate adequate yearly progress toward licensure.

Without the ADE waiver, Barnett could not teach for the District outside the field for which he was licensed. Barnett was transferred to another school within the District teaching special education. On October 21, 2008, the new superintendent asked Barnett if he was interested in teaching as a substitute. Barnett rejected this offer, relying upon his teacher's contract. Within a couple of hours, the new superintendent hand delivered a letter to Barnett, immediately suspending him and providing official notice of the District's termination recommendation.

A termination hearing was held in December 2008, and the District's Board of Directors voted unanimously to terminate Barnett based on the following grounds: he failed to complete the requirements for licensure and taught part of the 2008–09 school year without having the required licensure, he was not licensed to teach the area for which he was contracted, he failed to notify the superintendent that he was teaching without correct licensure, and he caused the District to be out of compliance with state regulations because a waiver had been denied for him to teach for the 2008–09 school year.

Following his termination, Barnett filed a complaint in the Circuit Court of Stone County, alleging that his termination violated the Teacher Fair Dismissal Act and seeking reinstatement, back pay, benefits, costs, and attorney's fees. The parties filed cross-motions for summary judgment. In Barnett's motion, he acknowledged that the District wanted him to teach in a field in which he was not licensed and that he took licensure tests toward that end. He further acknowledged that the District ap-

---

1. Barnett failed both tests he took in September 2008.

plied for a waiver on his behalf so that he would be permitted to teach classes he was not licensed to teach. However, Barnett's motion contended that the facts were undisputed that the unambiguous terms of his teacher's contract required him to be a "high school teacher," and that at all times he met that requirement because he was licensed to teach in Arkansas. He contended that the science license was never a condition of his employment and that no such condition was expressed in his contract.

The District's motion argued that the teacher's contract was ambiguous because it merely stated that Barnett was hired as a "high school teacher," and the term "teacher" was not defined in the contract. It argued that parol evidence should be considered in order to determine the intent of the parties when they entered into the teacher's contract. It pointed out that all parties agreed that Barnett was hired to teach secondary science, as evidenced by the Board of Director minutes, but that he was not licensed to teach in that area. The District added that Barnett executed two ALPs wherein he promised to take and pass licensure tests for science. Based on the parol evidence, the District argued, it was undisputed that Barnett was hired to teach science and when he failed to become licensed to teach in that field, he breached the contract.

The trial court found that Barnett was a teacher under the 2008–09 teacher's contract but also that "teacher" was not defined by the contract. As such, the trial court considered parol evidence and the totality of the circumstances to interpret the contract and concluded that the parties both assumed that Barnett was hired as a science teacher. Accordingly, the court denied Barnett's motion for summary judgment and granted the District's. The trial court also dismissed Barnett's

breach-of-contract claim that was added to his complaint at the summary-judgment hearing. Barnett timely appealed.

Barnett lists multiple points and subpoints on appeal. He first argues that the teacher's contract in this case governs and that it was not ambiguous because it required that he be a "high school teacher," and he argues that he was an Arkansas-licensed teacher. Citing *Griggs v. School Dist. No. 70, Randolph County,* he contends that the trial court erred in relying upon parol evidence to construe an unambiguous term of the contract. 87 Ark. 93, 96–97, 112 S.W. 215, 216 (1908) (holding that where the teacher's contract was unambiguous, it was reversible error to consider parol evidence that tended to vary or conflict with the written contract). Second, Barnett claims that even if parol evidence was admissible, most of that evidence was irrelevant because it was superseded by subsequent contracts. Third, he argues that because the District drafted the teacher's contract, it should be construed against the District. Next, he argues that any problems with his license were caused by the District. And finally, he claims that the District breached the teacher's contract when it assigned him to teach in an area outside of his licensure and then fired him for not being licensed in that field.

The standard for review of a summary judgment is whether the evidentiary items presented by the moving party in support of the motion left a question of material fact unanswered and, if not, whether the moving party is entitled to judgment as a matter of law. *McCaskill v. Fort Smith Pub. Sch. Dist.,* 324 Ark. 488, 490, 921 S.W.2d 945, 946 (1996). We view all proof in the light most favorable to the party opposing the motion, resolving all doubts and inferences against the moving party. *Id.,* 921 S.W.2d at 946. However,

when the ₇movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet that proof with proof showing a genuine issue for trial. *Id.,* 921 S.W.2d at 946. In summary-judgment matters, where there is no dispute as to any material fact or where the parties agree on the facts, appellate courts simply determine whether the appellee was entitled to judgment as a matter of law. *Dachs v. Hendrix,* 103 Ark. App. 184, 188, 287 S.W.3d 627, 630 (2008).

Traditional contract principles apply to teachers' employment contracts. *Turnbough v. Mammoth Spring Sch.,* 74 Ark. App. 107, 112, 45 S.W.3d 430, 434 (2001). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Turnbough,* 74 Ark. App. at 112, 45 S.W.3d at 434. When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Id.,* 45 S.W.3d at 434.

The parol-evidence rule is a rule of substantive law in which all antecedent proposals and negotiations are merged into the written contract and cannot be added to or varied by parol evidence. *Hagans v. Haines,* 64 Ark. App. 158, 163, 984 S.W.2d 41, 44 (1998). Where a contract is plain, unambiguous, and complete in its terms, parol evidence is not admissible to contradict or add to the written terms. *Id.,* 984 S.W.2d at 44. However, parol evidence may be admitted to prove an independent, collateral fact about which the written contract was silent. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.,* 343 Ark. 224, 232, 33 S.W.3d 128, 134 (2000).

₈We go no further to resolve this case than Barnett's first argument on appeal. We agree with his contention that his 2008–09 teacher's contract governs and that it was not ambiguous. All that the contract required was that Barnett be a "high school teacher." Barnett met that description. He was licensed by the State of Arkansas to teach secondary career opportunities and agricultural science. The Teacher Fair Dismissal Act, under which this case was filed, defines "teacher" as "any person, exclusive of the superintendent or assistant superintendent, employed in an Arkansas public school district who is required to hold a teaching certificate from the Department of Education as a condition of employment." Ark.Code Ann. § 6–17–1502(a)(1) (Repl.2007). It is undisputed that Barnett met that definition too.

There is no question that Barnett was not licensed in Arkansas to teach secondary environmental and earth science. However, this was not a stated condition in his contract, and the District, as the drafter of the contract, could have imposed such a condition. *Turney v. Alread Public Schools,* 282 Ark. 84, 666 S.W.2d 687 (1984) (upholding dismissal of a teacher who failed to satisfy the stated condition of his teacher's contract to obtain "12 hours by August 1982 and complete all your requirements and be fully (not provisionally) certified by the end of the first semester of the 1982–1983 year," where school board was seeking to improve its accreditation status of its school).

The District's argument is that the trial court properly considered parol evidence—the parties' pre-contract conversations, the board minutes, the previous contracts executed between the parties, the ALPs executed between the parties—along with the teacher's ₉contract. In making this argument, the District assumes ambiguity in the teacher's contract,

but at no time does it make any argument explaining how or why the term "high school teacher" is ambiguous. Instead, the District argues that because the term is not defined in the contract, it is ambiguous. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one equally reasonable interpretation. *Magic Touch Corp. v. Hicks,* 99 Ark. App. 334, 339, 260 S.W.3d 322, 326 (2007). The fact that a term is not defined does not automatically render a contract ambiguous. *Magic Touch Corp.,* 99 Ark. App. at 339, 260 S.W.3d at 326.

In this case, the *only* way one can conclude that the term "high school teacher" found in the 2008–09 teacher's contract is ambiguous is to look outside of the contract to the parol evidence. Such an approach is improper in this case.

> The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, if it can be done consistently with legal principles. The parties should always be bound for what they intended to be bound for and no more. The intention of the parties means, however, the intention as shown by the contract, and not what they may have had in mind but did not express. The law presumes that the parties understood the import of their contract and that they had the intention which the terms of the contract manifest.

*Connelly v. Beauchamp,* 178 Ark. 1036, 1042, 13 S.W.2d 28, 30 (1929).

As such, we must first look at the contract terms to see if they are unambiguous. Here, the term "high school teacher" is unambiguous. Barnett was a "high school teacher" because he was an Arkansas-licensed secondary-school teacher. As such, parol evidence is not admissible in this case. *Griggs,* 87 Ark. at 96–97, 112 S.W.

at 216. *Therefore, we hold that it* was error as a matter of law for the trial court to conclude that the teacher's contract was ambiguous and to consider parol evidence in construing the contract. Accordingly, we reverse the trial court's entry of summary judgment in favor of the District and remand for further proceedings consistent with this opinion. In view of this holding, we need not address Barnett's remaining arguments.

Reversed and remanded.

GRUBER and GLOVER, JJ., agree.