The Honorable Johnny Key State Senator Post Office Box 350 Mountain Home, Arkansas 72654
Dear Senator Key:
This is my opinion on your question about sick leave for school district employees:
 Since A.C.A. 6-17-1206 permits an employee of an Arkansas school district to transfer a maximum of ninety (90) days of unused sick leave from one Arkansas school district to another Arkansas school district, is an employee of an Arkansas school district — who is paid by a district for his/her unused sick leave days — legally entitled to transfer up to ninety (90) of those purchased sick leave days to another Arkansas school district upon his/her employment by the new school district?
RESPONSE
In my opinion, an employee paid by the old district for unused sick leave is not entitled to receive credit for that leave from the new district.
The statute essentially lets a school district employee transfer unused sick leave from an old employer to a new one:
 Whenever an employee of a school district . . . shall leave the school district . . . and accept employment in another school district . . ., the employee shall be granted credit by the new school district . . . for any *Page 2 
unused sick leave accumulated by the employee while employed by the former school district. . . .
A.C.A. § 6-17-1206(a) (Repl. 2007).
Districts may pay departing teachers for unused sick leave.Turnbough v. Mammoth Spring Sch. Dist. No. 2,74 Ark. App. 107, 45 S.W.3d 430 (2001), aff'd,349 Ark. 341, 78 S.W. 3d 89 (2002) (construing A.C.A. § 6-17-1207 (Repl. 2007)). Your question indicates that some districts do so.
Hence your question: If the old district pays a departing employee for unused sick leave, is he or she also entitled to credit for that leave from the new district?
"[A]ccumulated sick leave" is defined as "unused sick leave that a teacher has to his or her credit." A.C.A. § 6-17-1202(1) (Supp. 2011) (emphasis added). Sick leave is accumulated during employment by the old district and shown as a credit on the old district's records. See
A.C.A. § 6-17-1205(a) (Repl. 2007). As a matter of basic recordkeeping and fundamental fairness to both parties, the old district should remove the credit from its records once it pays the departing employee for the leave. Otherwise, the employee would receive the leave's economic benefit twice: once in cash from the old district, and once in kind, as leave (or possibly again in cash later) from the new district. I see no evidence in the statutes of any legislative intent to award such a double benefit. Once removed from the old district's records, the leave is no longer "to [the employee's] credit." It is therefore not "accumulated sick leave" as defined.
Credit is due from the new district only if the leave is unused as well as accumulated. See A.C.A. § 6-17-1206(a). While sick leave is normally used as paid absence from work due to illness, it is my view that converting sick leave to cash also constitutes its use. Accordingly, once paid for by the old district, the leave is no longer unused.
Arkansas courts construe unambiguous statutes according to the plain meanings of the words used. E.g., May Const. Co., Inc. v. Town CreekConst. Dev., LLC, 2011 Ark. 281, ___ S.W.3d ___, 2011 WL 2477185. The plain meanings of the words used in the statutes indicate that no unused accumulated sick leave exists once the old district pays for it. Because the credit is due only for unused *Page 3 
accumulated sick leave, it is my opinion that the employee is not entitled to credit for that leave from the new district.[1]
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You ask only about the employee's entitlement to the credit. The new district's obligation to grant the credit, and its authority, if any, to deny it in a given case, are somewhat different questions. The statute provides that the credit "shall be granted to the employee upon furnishing proof in writing from the [old] district. . . ." A.C.A. § 6-17-1206(b) (emphasis added). This opinion should not be interpreted as a comment on whether the statute affords the new district any authority, or imposes on it any duty, to investigate the veracity of the "proof in writing" provided by the old district. *Page 1